**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-31074
Summary Calendar

JOSEPH LIGHTELL; ELMER PEOPLES,

Plaintiffs-Appellants,

versus

EXXON CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1600-L)

June 2, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:[*]

In response to Exxon Corporation's motion for summary judgment, Joseph Lightell and Elmer Peoples requested that the district court either deny the motion or delay ruling thereon until discovery had been completed. The district court effectively denied the delay request by granting summary judgment for Exxon, and subsequently refused to alter or amend that judgment. Lightell and Peoples

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the denials of their Rule 56(f) and Rule 59(e) motions. For the reasons assigned, we affirm.

## BACKGROUND

In 1993, Lightell sued Exxon and others in Louisiana state court for damages after a boat in which he was traveling allegedly struck a submerged object, purportedly a well head. Lightell contacted the U.S. Army Corps of Engineers to investigate the submerged object but, according to Lightell, the Corps was unable to locate the object. In 1996 Lightell enlisted Peoples to ferry him to the location of the submerged object so that he could mark the spot with a buoy to facilitate the Corps' investigation. While attempting to locate the submerged object Lightell and Peoples allegedly struck it and suffered injuries.

In November 1995 Exxon moved for summary judgment in Lightell's negligence action. The state court twice granted Lightell additional time to obtain evidence of Exxon's custody, ownership, or control of the submerged object. In March 1996, by which time Lightell's efforts had produced no such evidence, the state court granted Exxon's motion and entered judgment in its favor.[1]

In May 1997 appellants filed suit against Exxon in state court which Exxon removed to the court *a quo*. In April 1998 Exxon moved for summary judgment because appellants had produced no evidence that it owned, placed, or maintained the submerged object. Later that month appellants requested that Exxon's motion

---

[1] **Lightell v. Exxon Corp. et al.**, No. 93-22895 (Division "L", Parish of Orleans, La., Mar. 18, 1996).

2

for summary judgment be denied or that the court's ruling be delayed until the close of discovery. In August 1998 the district court granted summary judgment for Exxon. Appellants filed a motion for reconsideration which the district court interpreted as a motion to alter or amend the judgment under Rule 59(e). Same was denied. Appellants appeal the district court's denials of their Rule 56(f) and Rule 59(e) motions.

## ANALYSIS

We review for abuse of discretion the denial of a Rule 56(f) motion to continue to proceed with discovery.[2] To obtain a continuance to proceed with discovery, a party must detail the need for additional discovery and how that discovery will create a genuine issue of material fact.[3] Rule 56(f) provides that a continuance to allow for further discovery may be ordered as is "just." Beyond this directive to be "just," the text of the rule provides no further guidance. The relevant case law, however, provides ample direction for our inquiry.

Discovery may be limited when dilatorily sought. Precedent reveals that the fact-bound determination whether discovery was dilatorily sought should be guided by several factors, including: (1) the period of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through Rule discovery or otherwise; (4) the

---

[2] **Paul Kadair, Inc. v. Sony Corp.**, 694 F.2d 1017 (5th Cir. 1983).

[3] **Bauer v. Albemarle Corp.**, No. 97-30595, 1999 WL 137330 (5th Cir. Mar. 15, 1999).

degree and nature of discovery already undertaken; (5) any limitations previously placed upon discovery by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff, as when within defendant's exclusive control, or whether alternative, accessible sources existed but were foregone.[4]

Appellants maintain the district court abused its discretion by failing to grant their motion because (1) witnesses, who "might" have information linking Exxon and the submerged object, were scheduled to be deposed shortly after the date that the district court granted summary judgment for Exxon; (2) Exxon changed counsel during the pendency of the case, contributing to the delay in discovery; (3) the district court lulled them into believing that their Rule 56(f) motion had been granted because it had been pending for several months; and (4) the district court had recently granted Exxon's motion to extend the discovery deadline.

We find no abuse of discretion by the district court in its denial of appellants' Rule 56(f) motion. Appellants were required to detail the additional discovery that they sought to undertake; the record does not reflect that they provided the district court with such detail, and they have suggested to us only two witnesses, Marvin Smith and Charles Desporte. About Smith, we are told only that he is a fact witness. As for Desporte, according to appellants, he is a former Exxon employee

---

[4] **Paul Kadair, Inc.**, 694 F.2d at 1031.

who was familiar with Exxon's construction activity in the area of the submerged object. Appellants advise, however, that Desporte provided an affidavit in Lightell's 1993 suit in which no connection between Exxon and the object was established. At the time appellants filed their suit, they obviously were aware of the importance of linking Exxon to the submerged object; and they were aware of Smith and Desporte, having included them on their witness list in January 1998. There is no indication in the record that Smith or Desporte were unavailable to appellants. There is no indication that appellants attempted to obtain the requested information despite possessing addresses for both as well as Desporte's phone number. We reject appellants' contention that the district court abused its discretion by denying their Rule 56(f) motion when witnesses who might have linked Exxon and the submerged object were scheduled to be deposed shortly after the grant of summary judgment for Exxon.[5]

Appellants' remaining contentions might prove persuasive in another setting, but here, where appellants seek no discovery other than that described above, we find these contentions without force. We conclude that the district court did not abuse its discretion by denying appellants' Rule 56(f) motion.

In pressing their contention that the district court abused its discretion by denying their Rule 59(e) motion, appellants present arguments similar to those previously discussed. Having already rejected those arguments regarding the

---

[5] *Cf.* **First Nat'l Bank v. Cities Serv. Co.**, 391 U.S. 253 (1968) (finding not improper the denial of Rule 56(f) discovery when additional discovery would amount to a fishing expedition and would unduly harass defendant).

district court's denial of their Rule 56(f) motion, we find no abuse of discretion in the district court's denial of their Rule 59(e) motion.

For the foregoing reasons, the district court's judgment denying appellants' Rule 56(f) and Rule 59(e) motions is AFFIRMED.