**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-20679

Summary Calendar

FRANCES BURNETT,

Plaintiff-Appellant,

VERSUS

DAN THOMPSON, Individually and in his
official capacity as an employee of Continental Airlines;
CONTINENTAL AIRLINES SERVICES, Jointly and Severally,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-4069)

February 6, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frances Burnett appeals the district court's grant of summary judgment in favor of her former employer, Continental Airlines Services ("Continental"), and her former supervisor, Dan Thompson. Burnett argues that she established a prima facie case for her

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

claims that Continental and Thompson fired her in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1) (1999), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1) (1994). We affirm the district court's ruling because Burnett has presented no evidence that other employees, who were not in the protected class, were treated differently under "nearly identical" circumstances.

## I.

Frances Burnett was fired from her position as a support desk reservation agent for Continental. Ms. Burnett, who is a fifty-two year old African American women, claims that Continental fired her because of her age, race, and gender.

Continental, however, claims that it had legitimate reasons for firing her. Ms. Burnett admits that she violated Continental's Friends and Family Account Policy on six to eight occasions by giving her fiancé preferential treatment. When booking his reservations, Burnett waived Continental's advance booking requirements, thereby allowing him to obtain substantially lower fares than he otherwise would have been able to obtain. In some instances, Burnett also allowed her fiancé to upgrade to first class in violation of Continental's fare restrictions. In an apparent attempt to mask these waivers as legitimate transactions, Burnett entered false information into Continental's reservation system. Ms. Burnett also admits that when her supervisor, Dan

Thompson, first confronted her about a particular booking violation, she denied it. In response to Ms. Burnett's denial, Mr. Thompson informed her that he was going to investigate her booking history. His investigation revealed not only that Ms. Burnett had lied to him about that particular violation, but that she had actually violated Continental's booking policies on five to seven other occasions.

Although she admits to violating Continental's booking policies and lying to Mr. Thompson when he first confronted her, Ms. Burnett argues that Thompson treated her differently than his white subordinates who violated the same policy. Burnett notes that Danette Hanson, another of Thompson's subordinates, once gave Jeff Northington and his spouse a free first-class upgrade. The Northingtons also worked for Continental, but Thompson was not their supervisor. Hanson and the Northingtons received only written reprimands and there is no evidence that Thompson investigated their booking histories. There is also no evidence, however, that either Hanson or the Northingtons lied about their actions or that any of them had violated the booking policy on other occasions.

Burnett sued Thompson and Continental in federal court alleging that the defendants violated Title VII and the ADEA by firing her on the basis of her race, gender, and age. She also sued Thompson and Continental for intentional infliction of emotional distress. The district court granted summary judgment to

3

the appellees because it found that Ms. Burnett failed to establish a prima facie case of discrimination under either act. The court also dismissed her emotional distress claim because it found no competent summary judgment evidence of outrageous conduct on the part of Thompson or Continental. Ms. Burnett now appeals the district court's summary judgment.

## II.

We review a district court's grant of summary judgment de novo. Chaney v. New Orleans Pub. Facility Mgmt., Inc., 179 F.3d 164, 167 (5th Cir. 1999); Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Grimes, 102 F.3d at 139 (citing Fed. R. Civ. P. 56(c)). In employment discrimination cases, the question is whether a genuine issue of fact exists as to whether the defendant intentionally discriminated against the plaintiff. Id. Unsubstantiated assertions are not competent summary judgment evidence. Chaney, 179 F.3d at 167; Grimes, 102 F.3d at 139.

## III.

Title VII prohibits employers from discriminating against employees on the basis of race or gender. 42 U.S.C. § 2000e-2(a)(1). The ADEA proscribes similar treatment on the basis of age. 29 U.S.C. § 623(a)(1); Bauer v. Albemarle Corp., 169 F.3d 962, 966

4

(5th Cir. 1999).  To defeat a motion for summary judgment, a Title VII or ADEA plaintiff must initially make a prima facie case of discrimination.  A Title VII plaintiff makes a prima facie case of race or gender discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified for the position he held; (3) she was terminated; and (4) after her termination, the employer hired a person not of plaintiff's protected class.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Grimes, 102 F.3d at 140.  An ADEA plaintiff makes a prima facie case of age discrimination by showing the same, except under the fourth element, the plaintiff must show that she was either  replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of her age.  Bauer, 169 F.3d at 966.

In work-rule violation cases, however, a Title VII plaintiff may establish a prima facie case by showing that employees not in the protected class engaged in similar acts but were not similarly disciplined.  See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995).  Burnett made this disparate-treatment argument regarding her termination.  To establish a prima facie case in this manner, Burnett must show that employees not in the protected class were treated differently under circumstances "nearly identical" to hers.  Wyvill v. United Cos. Life Ins. Co., 212 F.3d 296, 304 (5th Cir. 2000) (involving ADEA claims); Mayberry, 55 F.3d at 1090 (involving Title VII claims).

5

Burnett failed to show that the three other employees who violated Continental's booking policy were treated differently under "nearly identical" circumstances. Uncontroverted evidence shows that Hanson and the Northingtons committed a significantly less severe violation than Burnett did. First, Burnett violated the Friends and Family Account Policy on six to eight occasions, whereas the other employees violated the policy on only one occasion. Second, unlike Burnett, there is no evidence that Hanson or the Northingtons lied about their violations. Third, unlike Burnett, Hanson did not falsify Continental's booking records in an attempt to disguise her wrongdoing. Finally, while Burnett's booking violations resulted in lost revenue for Continental, there is no evidence that Hanson's improper upgrade cost the company anything.

The fact that Thompson investigated Burnett but not Hanson or the Northingtons does not establish a prima facie case for disparate treatment. First, Thompson was not the supervisor for either Jeff Northington or his fiancé. The fact that different decision-makers disciplined Burnett and the Northingtons supports the district court's ruling that the employees were not "nearly identically" situated. See Wyvill, 212 F.3d at 305. Second, the uncontroverted evidence shows that Thompson decided to investigate Burnett only after he learned of a violation that she untruthfully denied. Burnett did not admit to the violations until her termination meeting, which was after Thompson's investigation.

Thus, because Burnett has presented no evidence that she was treated differently than other employees under "nearly identical" circumstances, she has not made a prima facie case for employment discrimination through disparate treatment.

## IV.

Burnett does not challenge the district court's ruling with regard to her intentional infliction of emotional distress claim. That claim is therefore waived. Johnson v. Sawyer, 120 F.3d 1307, 1315-16 (5th Cir. 1997).

## V.

Viewing the evidence in the light most favorable to Ms. Burnett, we find that she failed to make a prima facie of employment discrimination under either the ADEA or Title VII. We therefore affirm the district court's order entered on May 16, 2001.

AFFIRMED.