**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60458
Summary Calendar

LEON WASHINGTON,

Plaintiff-Appellant,

VERSUS

VALSPAR INDUSTRIAL COATINGS GROUP,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson Division

(3:98-CV-469-WS)

April 9, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leon Washington filed this employment discrimination and sexual harassment suit against his former employer, Valspar Industrial Coatings Group ("Valspar"). Mr. Washington alleges that Valspar violated his rights under the Civil Rights Act of 1964, 42

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

U.S.C. § 2000e, et. seq. ("Title VII") when his former supervisor, Rosalyn Jefferson, sexually harassed him and then fired him in retaliation for reporting her to Valspar's personnel director. He also alleges that he was fired because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"). The district court dismissed Mr. Washington's ADEA claims on summary judgment, but allowed him to try his Title VII claims. After a trial on the merits of Mr. Washington's Title VII claims, the jury entered judgment for Valspar. Mr. Washington, proceeding pro se, now appeals both the summary judgment and the jury verdict. We AFFIRM.

## I.

The district court dismissed Mr. Washington's age discrimination claims on summary judgment. A party is entitled to summary judgment as a matter of law if, when the evidence is viewed in the light most favorable to the nonmovant, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c); Frazier v. Garrison I.S.D., 980 F.2d 1514, 1520 (5th Cir. 1993). In ADEA employment discrimination cases, we review summary judgments de novo, applying the same standard as the district court. Sherrod v. Amer. Airlines, Inc., 132 F.3d 1112, 1121 (5th Cir. 1998).

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1). To establish

a prima facie case under the ADEA, the plaintiff must prove that (1) he is a member of a protected class, (2) he was qualified for the position that he held, and (3) he was discharged. <u>Bauer v. Albemarle Corp.</u>, 169 F.3d 962, 966 (5th Cir. 1999). The plaintiff must also show that he was either replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age. <u>Id.</u> The third alternative of this last element applies in circumstances where the plaintiff is not replaced. <u>Id.</u>

Establishing a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989, 992 (5th Cir. 1996) (en banc). The defendant must then produce evidence that the challenged employment action was taken for a legitimate, nondiscriminatory reason. <u>Id.</u> at 992-93. "If the defendant succeeds in carrying its burden of production, the presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture, and the trier of fact proceeds to decide the ultimate question of whether the plaintiff has proved that the defendant intentionally discriminated against her." <u>Bauer</u>, 169 F.3d at 966.

Mr. Washington has not made a prima facie case for his ADEA claims. The first three elements are satisfied. Mr. Washington demonstrated that he was fifty-two years old at the time of his discharge and that he had worked for Valspar and Valspar's

3

predecessors since 1968. He did not, however, submit summary judgment evidence to support the last element. There is nothing in the record to indicate that Valspar replaced Mr. Washington with a younger employee; Mr. Washington submitted no such evidence in his response to summary judgment or in his appellate brief. In his response brief, Mr. Washington alleges for the first time that Valspar replaced him with a younger employee named Willie Brooks. Unsubstantiated assertions, however, are not competent summary judgment evidence. Chaney v. New Orleans Pub. Facility Mgmt., Inc., 179 F.3d 164, 167 (5th Cir. 1999). Furthermore, any argument not raised in an appellant's initial brief is waived. Johnson v. Sawyer, 120 F.3d 1307, 1315-16 (5th Cir. 1997).

The only evidence that Mr. Washington submits to support his age discrimination claim are Rosalyn Jefferson's statements that he was "old," "gray headed," "stinky," and "lazy." Even assuming that Ms. Jefferson made these statements, they are not sufficient evidence to support a prima facie case of age discrimination. First, the qualities of laziness and malodorousness do not relate to age. Second, these statements are too vague and remote in time from the date of Mr. Washington's discharge to establish discrimination. Age-related comments may not serve as evidence of discrimination unless the remarks were: (1) made proximate in time to the termination; (2) made by someone with the authority to make the challenged employment decision; and (3) related to that employment decision. Brown v. CSC Logic, Inc., 82 F.3d 651, 655

4

(5th Cir. 1996).  Mere "stray remarks" which are "vague and remote in time" are insufficient to establish discrimination.  Price v. Marathon Cheese Corp., 119 F.3d 330, 337 (5th Cir. 1997).  In his deposition, Mr. Washington states that Ms. Jefferson called him "old" and "gray headed" approximately six months before he was fired.  Third, the circumstances of Mr. Washington's firing create an inference that age was not the motivating factor.  The people who decided to transfer Mr. Washington to the Jackson plant (i.e., Fisher, Kelly, and Jefferson) were the same people who decided to fire him.  Mr. Washington's transfer came with significant financial incentives, including a $2,500 bonus, moving expenses, rent and utilities on a new home for ninety days, and the agreement to buy the Washingtons' home in Indiana.  The fact that these managers did not discriminate against Mr. Washington when offering this lucrative relocation package creates an inference that age did not motivate their decision to fire him.  See Brown, 82 F.3d at 656 (applying the "same actor" inference in the context of hiring and firing).  Also relevant is the fact that each of those managers were approximately Mr. Washington's age or older.  Id.  Finally, Mr. Washington admitted at the summary judgment hearing that his case was essentially about sexual harassment and retaliation.  Under the circumstances of this case, these statements do not serve as evidence that Mr. Washington was fired because of his age.

Furthermore, Valspar articulated a legitimate, nondiscriminatory reason for firing Mr. Washington; i.e., he had

5

engaged in a "work slowdown." Mr. Washington does not contest on appeal that he was working below capacity before his discharge. Rather, he explains that he was experiencing various personal difficulties that had distracted him from work. Thus, since Mr. Washington failed to present evidence that Valspar's nondiscriminatory reasons were pretext, the district court was justified in granting summary judgment.

## II.

The jury rejected Mr. Washington's sexual harassment and retaliation claims. We give great deference to a jury verdict when reviewing for sufficiency of evidence. Garcia v. City of Houston, 201 F.3d 672, 675 (5th Cir. 2000). "Under this highly deferential standard this court will view all evidence in the light most favorable to the verdict and reverse the jury's verdict only if the evidence points so strongly to one party that reasonable jurors could not arrive at any contrary conclusion." Id. "We must affirm unless there is no legally sufficient evidentiary basis for the jury's verdict." Lane v. R.A. Sims, Jr., Inc., 241 F.3d 439, 445 (5th Cir. 2001) (emphasis in the original).

Mr. Washington simply has not demonstrated that there was insufficient evidence to support the jury's verdict. As stated above, Mr. Washington did not obtain a transcript of the trial, so we have no way of knowing what evidence was presented to the jury.

6

The parties' briefs state that Leon an Clara Washington testified that Ms. Jefferson made inappropriate and unwelcome sexual advances toward Mr. Washington and that Ms. Jefferson fired Mr. Washington soon after they complained to Valspar management. Valspar's three witnesses testified that Ms. Jefferson did not engage in any inappropriate behavior and that the Washingtons' complaints about Ms. Jefferson had nothing to do with Mr. Washington's discharge. Therefore, the resolution of this case turned on which group of witnesses was more believable. These credibility determinations were clearly within the province of the jury. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000). Mr. Washington simply has not carried his burden of establishing that there was insufficient evidence to support the jury verdict.

## III.

For the foregoing reasons, we AFFIRM the district court's summary judgment ruling as well as the jury verdict. All pending motions are DENIED.