**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30351

Summary Calendar

KAREN S. DEAN,

Plaintiff-Appellant,

VERSUS

PROPERTY ONE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

(2:00-CV-1534)

October 10, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination case, Plaintiff-Appellant Karen S. Dean ("Dean") sues her former employer, Defendant-Appellee Property One, Inc. ("Property One"), alleging she was discharged on the basis of her age, race, and gender, in violation of the Age

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* The District Court for the Western District of Louisiana (Trimble, J.) granted Property One's motion for summary judgment and dismissed Dean's lawsuit. Dean now appeals that decision. We AFFIRM.

I.

Property One leases and manages commercial properties throughout Louisiana. It manages the Hibernia Tower in Lake Charles, Louisiana for the Hibernia National Bank ("Hibernia"). At the time of the events giving rise to this lawsuit, Property One had thirteen employees working at the Hibernia Tower, including Dean. Hibernia reimbursed Property One for the cost of eleven of these employees, including Dean. The office manager of Property One's Hibernia Tower office was Mark Politz.

Dean is an African American woman born in 1949. She began working for Property One as a maintenance helper on September 1, 1983. On June 28, 1999, she was discharged. At the time, she held the position of day maid/housekeeper. In her deposition, Dean testified that Politz told her he had to lay off either her or Anna Theriot. Theriot, a younger white woman, was Property One's facilities manager at the Hibernia Tower. Dean was Property One's only African American employee at the Hibernia Tower at the time of her discharge.

Dean initially asserted that she was replaced by Glenn Granger, a white man; however, in response to Property One's motion for summary judgment, she instead asserted that her duties had been reassigned to Theriot. Dean offered no direct evidence of either racial or gender discrimination. The only direct evidence of age-based comments she offered concerned a co-worker, who on several occasions called her "an old lady."

Politiz testified by affidavit that Property One eliminated Dean's position as a cost-cutting measure. He explained that Hibernia maintained a separate janitorial services contract with another company, through which it enjoyed the services of a day porter whose responsibilities overlapped with Dean's. Hibernia asked Politz to eliminate Dean's position because it was redundant. Politz also testified that in response to Hibernia's request for further savings he eliminated two additional positions. He eliminated the leasing agent position when its occupant voluntarily resigned, and he eliminated Theriot's facilities manager position when he transferred her into the service coordinator/receptionist position vacated by another voluntary resignation.

## II.

We review a grant of summary judgment de novo, applying the same standards that governed the district court's ruling. *Conner v. Lavaca Hosp. Dist.*, 267 F.3d 426, 432 (5th Cir. 2001); *Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 139

(5th Cir. 1996). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Grimes*, 102 F.3d at 139 (citing Fed. R. Civ. P. 56(c)). In employment discrimination cases, the question is whether a genuine issue of fact exists as to whether the defendant intentionally discriminated against the plaintiff. *Id.* Unsubstantiated assertions are not competent summary judgment evidence. *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167 (5th Cir. 1999); *Grimes*, 102 F.3d at 139. Questions of fact are viewed in the light most favorable to the nonmovant, while questions of law are reviewed de novo. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

III.

Title VII prohibits an employer from failing or refusing to hire or discharge an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA proscribes similar treatment on the basis of age. 29 U.S.C. § 623(a)(1). The same evidentiary procedure for allocating burdens of production and proof applies to discrimination claims under both statutes. *Bauer*, 169 F.3d at 966.

Initially, a plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). This burden is slight. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248,

4

253, 101 S. Ct. 1089,  1094 (1981).

To establish a prima facie case of age discrimination under the ADEA, the plaintiff must prove that (1) she is a member of a protected class, (2) she was qualified for the position that she held, and (3) she was discharged.  *Bauer*, 169 F.3d at 966.  The plaintiff must also show that she was replaced by someone outside the protected class or by someone younger, or if she was not replaced, that she was otherwise discharged because of her age.  *Id.*

To establish a prima facie case of gender or race discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she was discharged; and (4) the employer replaced her with an individual outside the protected class.  *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000); *Bauer*, 169 F.3d at 966.  "When the employer does not plan to replace the discharged plaintiff, the fourth element is 'that after [the] discharge others who were not members of the protected class remained in similar positions.'"  *Bauer*, 169 F.3d at 966 (citing *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990)).

The establishment of a prima facie case under either the ADEA or Title VII raises a presumption of discrimination, "which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).  The defendant can meet this burden by

5

presenting evidence that, "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993). "If the defendant succeeds in carrying its burden of production, the presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture, and the trier of fact proceeds to decide the ultimate question of whether the plaintiff has proved that the defendant intentionally discriminated against her." *Bauer*, 169 F.3d at 966.

Once the defendant presents sufficient evidence of a legitimate, nondiscriminatory reason for its actions, the burden shifts back to the plaintiff, who must demonstrate by a preponderance of the evidence that the defendant's reasons are not "'true reasons, but were a pretext for discrimination.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d. 105 (2000) (quoting *Burdine*, 450 U.S.at 253, 101 S. Ct. at 1093). In the summary judgment context, the plaintiff at this stage must substantiate her claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision. *See Rubinstein v. Administrators of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000), *cert. denied*, 532 U.S. 937, 121 S. Ct. 1393 (2001).

The parties do not contest Dean's ability to establish the first

three elements of a prima facie case of age, race, or gender discrimination. Hence, the Court need only focus on the fourth element. Because Dean concedes she was not replaced by a man, and because she offers no evidence that men remained in positions similar to hers after her discharge, she fails to establish a prima facie case of gender discrimination. Dean sufficiently establishes a prima facie case of discrimination based on age and race, however, through her testimony that Politz said he had to chose between laying off her or the younger, white Theriot.

Through Politz's affidavit, Property One articulated a legitimate, nondiscriminatory reason for its decision to discharge Dean. Politz explained that Hibernia had instructed Property One to trim its expenses at the Hibernia Tower. In particular, he testified that Hibernia specifically asked him to eliminate Dean's position because her job duties overlapped with those of a janitor under contract with it.

Dean asserts that Property One's reason for her termination was pretextual. In support of her assertion, however, she offers only her conclusion that she was fired because she is an older black woman. This is insufficient. Because she fails to substantiate her claim with any competent evidence demonstrating that discrimination lay at the heart of Property One's decision, Dean fails to meet her burden of proof and, thus, fails to demonstrate there is a genuine issue of material fact remaining to be decided as to whether Property

7

One intentionally discriminated against her.[1]

For these reasons, we AFFIRM the district court's grant of summary judgment.

---

[1]The fact that a co-worker on several occasions had called her "an old lady" is irrelevant in the absence of evidence that he had authority over the decision to discharge her, that his comments were related to her discharge, or that his comments were temporally proximate to her discharge. *See Rubinstein*, 218 F.3d at 400-01 (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir.1996)).