United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 04-40468
Summary Calendar

---

TULISHA L. BANKS,

Plaintiff-Appellant,

VERSUS

AT&T WIRELESS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
m 6:03-CV-84

---

Before, DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

Tulisha Banks appeals a summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on her claim of race discrimination under title VII. Because Banks failed to establish a *prima facie* case, we affirm.

I.

Banks worked for defendant AT&T Wireless, Inc. ("AT&T"), for close to eight years before being terminated. Banks, an at-will employee, was discharged after allegedly violating AT&T's policy regarding the handling of the accounts of an employee's friends or

families.

After filing a charge of discrimination with the Equal Employment Opportunity Commission, Banks was issued a right to sue letter and filed this lawsuit. On AT&T's motion for summary judgment, the district court found that Banks could not establish a *prima facie* case of discrimination, and that even if one could be shown, AT&T had conclusively demonstrated that Banks's dismissal was the result of a legitimate business decision. Consequently, the court granted AT&T's motion for summary judgment and dismissed Banks's claim with prejudice.

II.

We review a summary judgment *de novo* and are bound by the same standards as those that govern the district court. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371 (5th Cir. 2002). Namely, summary judgment is appropriate only where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). Once the moving party has demonstrated that the non-moving party has no evidence such that a reasonable jury could support a verdict in its favor, the non-moving party must put forth specific facts that demonstrate a genuine factual issue for trial. *Id*.

In the title VII context, to make out a claim for discrimination, Banks must establish a *prima facie* case showing that she (1) was a member of the protected class; (2) was qualified for her job; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class.[1] Once a *prima facie* case has been made, a defendant must demonstrate a legitimate nondiscriminatory reason for its action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). At that point, the burden returns to the plaintiff to show that the offered explanation is mere pretext and that intentional discrimination was present. *Id.* Thus, if Banks can show genuine issues of material fact as to one or more of the elements of her *prima facie* case, as well as a genuine issue of fact as to the veracity of AT&T's non-discriminatory explanation, she survives summary judgment.

III.

As we have said, a *prima facie* race discrimination claim includes four elements, the presence of three of which is not disputed. Banks is undoubtedly black (and thus part of the protected class); AT&T does not dispute at the summary judgment stage that she was qualified for her position; and being dismissed certainly qualifies as an adverse employment action. Nevertheless, because Banks was not replaced by someone outside the protected class, and she proffered no other evidence of discriminatory intent on AT&T's part, she cannot prevail.

AT&T provided evidence that Banks was replaced by another black who was transferred to the store in which Banks had worked. To counter this showing, Banks offers that no blacks were hired in the eighteen months following her termination. Further, she asserts, in her opposition to summary judgment, that she "made visits to the store and knows she was replaced by a white female."

---

[1] *See*, *e.g.*, *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 (5th Cir. 1999).

An employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief.[2] In the face of AT&T's demonstration that another member of the protected class replaced Banks, Banks rebuts only with the fact that others hired from the outside were not in the protected class and that she somehow "knew" that these white females replaced her. Such assertions are not sufficient to defeat summary judgment in the face of direct evidence that Banks was replaced by a black employee.

Banks is further unable to demonstrate that any employees outside the protected class have been treated differently or more favorably under similar circumstances. To the contrary, AT&T provides an affidavit to the effect that white males were terminated for similar misconduct. Although the mere fact that Banks was not replaced by someone outside the protected class is not enough to warrant summary judgment, Banks's failure effectively to counter AT&T's evidence of similar treatment dispels any notion of discriminatory intent. As a result, Banks cannot establish a *prima facie* case.

AFFIRMED.

---

[2] *See, e.g., Auguster v. Vermilion Parish Sch. Bd.,* 249 F.3d 400, 403 (5th Cir. 2001); *Bauer v. Abermarle Corp.,* 169 F.3d 962, 967 (5th Cir. 1999); *E.E.O.C. v. La. Office of Cmty. Servs.,* 47 F.3d 1438, 1448 (5th Cir. 1995).