United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-60239

Summary Calendar

---

Fredericka Cain Todd

Plaintiff-Appellant,

versus

Natchez-Adams School District

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Mississippi
(03-CV-170)

---

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Frederick Cain Todd appeals the district court's grant of summary judgement to Defendant-Appellee Natchez-Adams School District dismissing with prejudice Todd's claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

In July 2001, the Natchez-Adams School District ("NASD") posted notice of a job opportunity for the position of elementary school principal at McLaurin Elementary School. Eleven persons, including Todd, applied for the job. Each applicant met certain threshold qualifications, and each was interviewed by an eight-person hiring committee. The committee members asked each applicant the same questions and ranked their responses on standardized forms. The committee members were instructed not to ask questions based on impermissible factors, including race, gender, or age. NASD Superintendent Dr. Carl Davis, in accordance with past practice, accepted the committee's recommendation and hired the person with the highest score following the interview process, Allison Lack.

After filing a claim with the EEOC, Todd initiated the present lawsuit, contending that NASD failed to hire her for the position of McLaurin Elementary Principal on the basis of her race, age, and gender.[1] Todd, a 57-year old African American female, claimed that the hiring of Lack, a young white female, evidences that NASD impermissibly discriminated against her on account of her race and age. NASD responds that Todd was not hired because she did not perform well in front of the interview committee and was not the best candidate for the position. The district court granted

_____

[1]Todd's gender claim was dismissed with prejudice by the district court and is not at issue in this appeal.

2

summary judgment to NASD, finding that Todd failed to present any evidence of intentional discrimination.  We have jurisdiction under 28 U.S.C. § 1291.

## II

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court.[2]  We apply the burden-shifting framework provided by the Supreme Court in *McDonnell-Douglas Corp. v. Green*[3] to Todd's claims of racial discrimination and age discrimination.[4]  Under *McDonnell-Douglas*, after the plaintiff makes a prima facie case of discrimination,[5] the employer must identify a legitimate nondiscriminatory reason for its action that supports a finding that unlawful discrimination did not cause the employment action.[6]  The district court found that NASD provided a legitimate, nondiscriminatory reason for not hiring Todd--specifically, that she did not perform well in her interview.  Todd contends that the reason must be stated with

---

[2]*Tango Transp. v. Healthcare Fin. Servs., LLC*, 322 F.3d 888, 890 (5th Cir. 2003).

[3]411 U.S. 792, 802 (1973).

[4]*See Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

[5]Here, it is undisputed that Todd has made out a prima facie case of discrimination.

[6]*Bauer*, 169 F.3d at 967.

3

"sufficient clarity" to afford the employee a realistic opportunity to show that the reason is pretextual.[7]

We agree with the district court that NASD's proffered reason for not hiring Todd was sufficiently clear. NASD asserted that Todd was not hired because she did not perform well in her interview, and the evidence submitted in connection with NASD's motion for summary judgment supports that finding. As the district court found, "Many of the interviewers stated that they felt Todd did not address questions precisely and did not provide much detail regarding the plans she would implement if she were selected for the position." Moreover, the evaluation sheets submitted by the interviewers indicated that Todd's responses were "too lengthy" and that she "seem[ed] to ramble a bit." We find no error in the district court's analysis.

Next, Todd argues that NASD ignored all objective qualifications and relied, instead, on a subjective interview process to fill the Principal position at McLaurin Elementary. We disagree. We have held that "[t]he mere fact that an employer uses subjective criteria is not . . . sufficient evidence of pretext."[8] Here, there is no evidence that the interview process was used as

---

[7]*See Patrick v. Ridge*, 384 F.3d 311, 317 (5th Cir. 2004).

[8]*Manning v. Chevron Chemical Co., LLC*, 322 F.3d 874, 882 (5th Cir. 2003).

4

a mask for discrimination.[9]  As the Eleventh Circuit has noted, "An interview is frequently necessary to assess qualities that are particular important in supervisory or professional positions . . . because traits such as common sense, good judgment, originality, ambition, loyalty and tact often must be assessed primarily in subjective fashion."[10]  We think this principal is especially appropriate when a school district is hiring the Principal of an elementary school.  We find no error in the district court's analysis.

## III

Accordingly, the district court's judgment is AFFIRMED.

---

[9]Without evidence of discrimination by the interviewers, and we find none, we will not second guess NASD's decisions regarding the interview process. *See EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995) ("The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions nor was it intended to transform the courts into personnel manageers.").

[10]*Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1106 (11th Cir. 2001).

5