# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60972
Summary Calendar

HATTIE MOORE

Plaintiff-Appellant

v.

SOLAR GROUP

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-182

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Hattie Moore challenges the district court's grant of summary judgment of her claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2003 & Supp. 2007), and intentional infliction of emotional distress under Mississippi law. Because there are no genuine issues of material fact and Appellee Solar Group is entitled to judgment as a matter of law, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moore, an African-American female, was hired by Solar Group in January 2007 from a temporary employment service for the position of material handler. Gwen Barnes, Shirley Jones, and Jennifer Ducksworth were all "crew leaders" who supervised Moore during her employment.[1] They assigned tasks to Moore, who was stationed at a work desk. Moore does not claim that she was discriminated against by Barnes, Jones, or Ducksworth, and she cites no instances of wrongdoing during her day-to-day employment.

On March 2, 2007, production supervisor Jimmy Dykes ("Dykes"), a white male,[2] approached Moore. Dykes shined a "little baby flashlight[] . . . real quick" in Moore's face, which Moore alleges caused a burning sensation in her eyes. Dykes purportedly said to Moore, "I'm going to have [to] ask you to leave because I'm giving Patricia this job. Go clock out." Moore believes that "Patricia" is Patricia Prince, a white woman who was employed as a material handler by Solar Group at the time. Dykes accompanied Moore on an adult tricycle -- allegedly closely -- as she walked the 100 to 150 yards from the time clock to the plant exit. Moore had no previous interactions with Dykes, and she did not deal with him after her termination.

Moore filed suit in federal court, alleging that this incident was a violation of Title VII and constitutes intentional infliction of emotional distress. In its summary judgment evidence, Solar Group submitted the deposition testimony of Dykes and affidavits of Barnes, Jones and Ducksworth, all of whom indicated that Moore was fired at the recommendation of her crew leaders due to her unsatisfactory work performance. Moore claims, without evidentiary support, that such justification is pretextual.

---

[1] These three crew leaders are also African-American females.

[2] Dykes supervised the crew leaders. Moore reported directly to the crew leaders.

We review the grant of summary judgment de novo, drawing all inferences in the non-movant's favor. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001). A plaintiff's Title VII claim is analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Where, as here, a plaintiff does not produce direct evidence of discrimination, the modified *McDonnell Douglas* approach is employed. Under that analysis,

> [T]he plaintiff must first demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic.

*Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411-12 (5th Cir. 2007).

The district court assumed arguendo that Moore had established her prima facie case, since she is a member of a protected class, was subjected to an adverse employment action, was qualified for her position, and was allegedly replaced by someone outside the protected class. *See Turner*, 476 F.3d at 345. Although there is some dispute as to whether Moore was replaced by someone outside the protected class,[3] we too will assume that she has established a prima facie case.

In response to Moore's prima facie case, Solar Group articulated a legitimate, non-discriminatory reason for Moore's termination: that she

---

[3] The dispute centers around whether an existing white employee, as opposed to a newly-hired white employee, could "replace" Moore for purposes of establishing a prima facie case.

performed her job tasks unsatisfactorily. Accordingly, "the sole remaining issue was 'discrimination *vel non*[.]" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). Although Moore argues that Solar Group's claimed motivation is a pretext for race-based discrimination, she has failed to offer any evidence to create a genuine issue of material fact that the employer's reason masks intentional discrimination. *See id.* at 141. Moore's subjective belief that she was the victim of discrimination, standing alone, is not evidence sufficient to defeat a summary judgment motion. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999) ("This court has consistently held that an employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief." (internal quotation marks and citation omitted)).

Moore urges that fact issues remain. She cites inconsistencies between the deposition testimony of Moore and Dykes regarding the circumstances of her exit from the plant on March 2, 2007. However, these disputes are immaterial to her burden in a Title VII claim because, accepting her version of the facts, she does not have a claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

We also agree with the district court that summary judgment is appropriate for Moore's claim of intentional infliction of emotional distress. Under Mississippi law, establishing this tort requires proof of conduct so "'wanton and wilful . . . [that] it would evoke outrage or revulsion.'" *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (quoting *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995)). "[M]eeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Id.* (quoting *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993)).

Here, Moore claims that the following conduct constitutes intentional infliction of emotional distress: (1) Dykes briefly "zig-zagged" a small flashlight

in her eyes, causing her "physical as well as emotional distress at the time," and (2) Dykes rode an adult tricycle behind her for 100-150 yards in a menacing fashion as she exited the plant. Moore contends that the district court impermissibly weighed facts and found Dykes's different version of this situation more credible. However, that is not accurate. The district court, accepting Moore's version of the facts, concluded that those facts do not establish a claim of intentional infliction of emotional distress as a matter of law. We agree. Whatever the emotional toll on Moore, Moore's version of the facts does not constitute "intolerable, outrageous or revolting[]" conduct required to establish the Mississippi tort of intentional infliction of emotional distress. *See id.* at 631. Accordingly, summary judgment was appropriate.

The district court's judgment is AFFIRMED.