United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-30401
_____

WALDO M. BARNES,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF THE NAVY,
Gordon Englad, Secretary,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

01-CV-3887-B

_____

Before JOLLY, DUHE, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

In this employment discrimination action, at issue is whether Waldo M. Barnes ("Barnes")

presented evidence sufficient to create a genuine issue of material fact, precluding the district court's

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant of summary judgment to the Secretary of the Navy ("Navy"). For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The following facts are taken in the light most favorable to the plaintiff. Barnes, a 64-year-old African-American male, has been employed by the Navy since 1967. In 1999, Barnes was one of two candidates for a Navy position as an Equal Employment Opportunity ("EEO") manager at the Navy's Commander Naval Reserve Force in New Orleans. Barnes and the other applicant, Angelina Salayon, were interviewed by a panel comprised of three voting members and one non-voting member providing EEO oversight; the panel member in charge of the selection was Charles Martino. In December of 1999, the panel unanimously selected Salayon, who is: a female, younger than Barnes, and identified as being of Asian-Pacific Islander descent.

Prior to the 1999 employment decision, Barnes was employed as an EEO counselor. There is evidence that, in this role, Barnes took a complaint from a Navy employee who believed that Martino had violated her trust by revealing a confidential conversation to management. In investigating this complaint, Barnes interviewed Martino at some time prior to March 16, 1999. Barnes's complaint was still pending when he applied for the promotion as an EEO manager.

Post completion of administrative procedures, Barnes's complaint alleged that his federal employer violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, Barnes alleges that the Navy discriminated against him because of his age, race, and gender. Barnes also alleges that

2

the Navy retaliated against him for filing prior employment discrimination complaints and for being the EEO manager who interviewed the selecting official for a position for which Barnes applied.

The district court granted summary judgment in favor of the Navy. The district court reasoned that although under the ADEA and Title VII Barnes was qualified for the position, the Navy's articulated reasons for failing to select him were not pretextual because Barnes failed to show that he was clearly better qualified than Salayon. The district court also granted summary judgment on Barnes's retaliation claim because he demonstrated no causation between a protected activity and an adverse employment action. Barnes timely filed a notice of appeal.

## STANDARD OF REVIEW

This court reviews the grant of summary judgment de novo. Flock v. Scripto-Tokai Corp., 319 F.3d 231, 236 (5th Cir. 2003). A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmovant, the record indicates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## DISCUSSION

On appeal, Barnes argues that he presented evidence sufficient to avoid summary judgment on his claims that he: was discriminated against when he did not receive the position in 1999; and suffered retaliation when he did not receive that position. Specifically, Barnes contends that the Navy's proffered reasons for failing to select him as an EEO manager were pretextual because his qualifications were far superior to Salayon's qualifications, and thus demonstrates discriminatory intent. Barnes also contends that he established his retaliation claim because a causal link exists between Barnes's participation as an EEO counselor on a complaint which accused Martino, the

3

person responsible for selecting the EEO manager, and being denied the promotion. We do not agree.

I.      Discrimination Due to Age, Race, and Gender

The framework for discrimination claims such as Barnes's is well-established. In a Title VII action, the plaintiff has the burden of proving a prima facie case of discrimination by a preponderance of the evidence. McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802 (1973). To establish an inference of discrimination, a plaintiff must show a prima facie case by establishing that he is a member of a protected class, he was qualified for the position that he held, he suffered an adverse employment action; and after his discharge he was replaced with a person who is not a member of the protected class. Bauer v. Albermarle Corp., 169 F.3d 962, 966 (5th Cir. 1999). After a prima facie case is made, the defendant must articulate a legitimate, non-discriminatory reason for its actions. Id. If this is done, the plaintiff must then prove that the proffered reason was a pretext. Id. The same evidentiary framework applies in cases of alleged discrimination under the ADEA. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

The Navy acknowledges that Barnes satisfied the first step of establishing a prima facie inference of discrimination. The Navy provided a substantial explanation for its decision to hire Salayon — she was the better qualified candidate. The Navy provided evidence about the position Barnes applied for, including evidence that the position had policy-making responsibilities, and evidence that supported its decision that Salayon was better qualified for the position. Specifically, the Navy provided evidence that Salayon had experience at the policy-making level; that she had more experience at the Navy Headquarters command than Barnes; that in her time at Navy Headquarters, she worked on several EEO programs; that she demonstrated analytical ability; that her membership

4

on the quality inspection team increased her qualifications for the position; and that the hiring panel was impressed with Salayon's confidence during the interview process.

The Navy does not argue that Barnes was not qualified; instead, the Navy has presented reasons why Barnes's experience did not make him as qualified as Salayon. Given the requirements for the position of EEO manager, it is particularly relevant that Marti no noted Barnes's 15 years experience as a deputy EEO were spent in a non-policy-making level, implementing policies developed by others. These are legitimate, non-discriminatory reasons why the Navy could permissibly choose to promote Salayon instead of Barnes.

Once the Navy offered its non-discriminatory explanation, Barnes had the burden of producing evidence that the Navy rationale was false and a mere pretext for discrimination. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142-43 (2000). Here, Barnes attempted to do so, by showing that he was clearly better qualified for the EEO manager position.

We have previously held that a showing that the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual. Price v. Federal Express Corp., 283 F.3d 715, 723 (5th Cir. 2002). This evidentiary basis for creating a permissible inference of discrimination is a limited one; the standard for being "clearly better qualified" is high. The bar is high for such evidence "because differences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2001) (quotation marks omitted). In other words, we do not review personnel decisions

5

for their wisdom. See Mato v. Baldauf, 267 F.3d 444, 453 (5th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002).

The pretext evidence Barnes present s includes: he served for 15 years as a deputy EEO officer; Salayon had never been a permanent full time deputy EEO officer; he had instructed Salayon when she was "coming up through the ranks"; and he had been temporarily promoted to the EEO manager position. In addition, Barnes presented two declarations from those familiar with his work, testifying to his excellent performance, and his qualifications for the EEO manager position.

Assuming, as we must, that Barnes's factual assertions are correct, we cannot say that rational, non-discriminatory individuals would always choose someone, like Barnes, with management experience over someone without it. A unanimous panel of three individuals, with EEO guidance, chose Salayon for reasons they recited at length. More importantly, even assuming Barnes's significant management experience demonstrates that he was "qualified" for the EEO manager position, Barnes lacked the policy-making experience Salayon possessed. Due to her experience at Navy Headquarters of interpret ing and developing policy for subordinate field commands and activities, the Navy could reasonably find that Salayon was in fact "better qualified" than Barnes for the position of EEO manager. Therefore, Barnes's lack of policy-making experience precludes him from making the requisite showing that he was a "clearly better qualified" candidate.

Although most of Barnes's evidence of pretext is directed at establishing that he was clearly more qualified, he also presented other evidence of pretext. Reportedly, one member of the hiring panel respo nded to Barnes's claim that he had been working at EEO since 1977 by saying, "oh I wasn't born then." We find, however, that this comment was not related to the decision to promote Salayon rather than Barnes; rat her, this comment is a stray remark which alone cannot establish a

6

genuine issue of material fact concerning a discrimination claim. Wallace v. Methodist Hospital System, 271 F.3d 212, 222 (5th Cir.), *cert. denied*, 535 U.S. 1078 (2002). Accordingly, we find that the district court correctly granted summary judgment in favor of the Navy on the discrimination claims.

II.     Retaliation for a Protected Activity

Barnes asserts that the 1999 decision not to promote him was made in retaliation for his investigation of Martino's alleged violation of trust. To establish a prima facie retaliation claim, a plaintiff must show, *inter alia*, that there was a causal link between the participation in the protected activity (here, fulfilling EEO duties) and the adverse employment action (here, failure to receive promotion). *E.g.* Mattern v. Eastman Kodak Co., 104 F.3d 702, 705 (5th Cir.), *cert. denied*, 522 U.S. 932 (1997). Although Barnes conducted an interview with Martino, there is no evidence of accusations or rancor. Indeed, when the complaint being investigated was formally filed, it did not complain of Martino's conduct. The interview was in March; the employment decision was in December. See Grizzle v. Travelers Health Network, Inc., 14 F.3d 261, 268 (5th Cir. 1994) (stating that it is highly unlikely that an adverse employment decision ten months after protected activity was prompted by retaliatory motive). Here, the report of interpersonal contact in the form of an interview, at least nine months prior to the adverse employment decision is insufficient to create a material fact issue. Accordingly, we find that the district court correctly granted summary judgment on the issue of retaliation.

*Affirmed*.