**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 1, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60097

Summary Calendar

_____

ANDREA AUDIBERT

Plaintiff-Appellant

v.

LOWE'S HOME CENTERS, INC

Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Mississippi, Biloxi
No. 1:03-CV-306

_____

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Andrea Audibert filed this suit for

employment discrimination after her employer, defendant-appellee

Lowe's Home Centers, Inc., fired her. Audibert now claims the

district court erred in granting Lowe's motion for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

judgment.  For the following reasons, we AFFIRM the judgment of the district court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-appellant Andrea Audibert ("Audibert") began work as a Cabinet Specialist with defendant-appellee Lowe's Home Centers, Inc. ("Lowe's"), in Gulfport, Mississippi, on February 22, 2002.  During her first ninety days of employment, Audibert worked with and was trained by Nancy Clingon ("Clingon"), another Cabinet Specialist who was, by all accounts, one of the top Cabinet Specialists in the region.  After ninety days, Clingon left on maternity leave, and Audibert worked with and was trained by Tammy White, a Special Order Specialist at Lowe's.  On August 14, 2002, Lowe's terminated Audibert's employment.

Audibert filed suit on May 7, 2003, alleging that her termination constituted unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e et seq. [hereinafter "Title VII"].  Specifically, her complaint alleged she was supervised by white males who failed to provide her with adequate training, issued spurious disciplinary reports, "stalked, watched, followed, spied on, talked to differently, and harassed" her "throughout her tenure," and ultimately fired her on the basis of her sex.  (Pl.'s Compl. at 3-5.)  When this complaint was filed, Audibert was represented by counsel.

Soon thereafter, and for the majority of all subsequent proceedings, Audibert proceeded pro se. Unfortunately, Audibert provided very little evidence to support her case before the district court.[1] In her briefs before this court, Audibert suggests this dearth of evidence is due to unfair discovery limitations. Audibert submitted at least five extremely broad discovery requests, demanding the full records for several former co-workers, biographical and statistical information for every Lowe's kitchen design employee "thru [sic] the entire United States," and "all things, all documents, all statements, all knowledge of facts, sworn or unsworn, relating to this case." See, e.g., Pl.'s Fifth Disc. Req. at 5. With the permission of the lower court, Lowe's refused to comply with the majority of these discovery requests.

On September 15, 2004, Lowe's moved for summary judgment pursuant to FED. R. CIV. P. 56. The district court granted this

---

[1]    Beyond her own conclusory allegations, the only piece of evidence supporting Audibert's case is a two-page affidavit provided by Nancy Clingon on November 30, 2004. Clingon, who had not been employed by Lowe's for at least a year at the time of the affidavit, stated that Audibert

> was singled out for unwarranted criticism and demeaning assignments by an inner circle of males . . . . Ms. Audibert was targeted with a concerted campaign to run her out of the workplace by questioning her every action and following up with repeated, bogus write-ups. In contrast, male Cabinet Specialists . . . were not exposed to these hostile conditions . . . and received extensive training . . . that was not offered to Ms. Audibert.

(Aff. of Nancy Clingon at 2.)

3

motion on December 30, 2004, and issued a memorandum opinion and order explaining its reasoning. Audibert filed a pro se notice of appeal on February 1, 2005, one day after the deadline for filing a timely notice of appeal. According to Audibert, she missed this deadline due to her child's serious medical problems. On May 16, 2005, this court reinstated her appeal.

## II. STANDARD OF REVIEW

The Supreme Court has held that "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). We review "the grant of summary judgment de novo, applying the same standard as the district court." Pratt v. City of Houston, 247 F.3d 601, 605-06 (5th Cir. 2001) (citing Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000)).

## III. DISCUSSION

Lowe's argues that we should strike Audibert's brief as defective. Although her brief is lacking in many respects, we decline to strike it entirely. We hold the pleadings and briefs of pro se litigants and appellants "to less stringent standards" than those "drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Calhoun v. Hargrove, 312 F.3d 730, 733-34

4

(5th Cir. 2002) (noting that this court has long held that "'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers'") (quoting Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)).

However, "regardless of whether the plaintiff is proceeding [pro se] or represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" Taylor v. Books a Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quoting S. Christian Leadership Conference v. Sup. Ct. of the State of La., 252 F.3d 781, 786 (5th Cir. 2001)). As the district court correctly observed, Audibert's conclusory allegations, speculation, conjecture, and unsubstantiated assertions do not satisfy her burden of proof and production. See, e.g., Grimes v. Tex. Dep't of Mental Health and Mental Retardation, 102 F.3d 137, 139-40 (5th Cir. 1996) (stating that "unsubstantiated assertions are not competent summary judgment evidence"); Grizzle v. Travelers Health Network, Inc., 14 F.3d 261, 268 (5th Cir. 1994) (stating that an employee's "own self-serving generalized testimony stating her subjective belief that discrimination occurred . . . . is simply insufficient to support a jury verdict").

In order "[t]o survive a motion for summary judgment, a Title VII plaintiff" such as Audibert "must first establish a prima facie case of discrimination by a preponderance of the

5

evidence." Pratt, 247 F.3d at 606 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973)). The district court correctly recognized that Audibert's conclusory allegations fail to establish a prima facie case. See District Ct. Mem. Op. and Order at 5-6 (stating that Audibert failed to prove the second and fourth elements of a prima facie case of discrimination).[2]

In her briefs before this court, Audibert suggests this absence of evidence actually provides positive justification for overturning the district court's summary judgment. See, e.g., Appellant's Reply Br. at 4 (stating that "we are asking the Courts to deny Summary Judgment due to a lack of discovery information"). This argument is entirely unfounded, and its reasoning is exactly backward. We have repeatedly held that "a

---

[2] To establish a prima facie disparate treatment case under Title VII, Audibert needed to show "'that she: (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) . . . that others similarly situated were treated more favorably.'" Okoye v. Univ. of Tex. Houston Health Science Center, 245 F.3d 507, 512-13 (5th Cir. 2003) (quoting Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999)).

Lowe's conceded that Audibert satisfied the first and third elements of a prima facie case. But Lowe's contended, and the district court correctly accepted, that "[b]ecause Audibert has failed to provide any evidence that tends to show that she was qualified for the position, she has failed to establish the second element of a prima facie case." (District Ct. Mem. Op. and Order at 6.) Lowe's also contended, and the district court also correctly accepted, that Audibert "failed to establish this [fourth] element" of a prima facie case because she "failed . . . to identify any similarly situated male coworker who was treated more favorably." Id.

summary judgment motion can be decided without any discovery."
Bauer v. Albemarle Corp., 169 F.3d 962, 968 (5th Cir. 1999)
(citing United States v. Bloom, 112 F.3d 200, 205 n.17 (5th Cir.
1997)).  It is well established "that a plaintiff's entitlement
to discovery prior to a ruling on a motion for summary judgment
is not unlimited, and may be cut off when the record shows that
the requested discovery is not likely to produce the facts needed
by the plaintiff to withstand a motion for summary judgment."
Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir.
1990) (citing Paul Kadair, Inc. v. Sony Corp. of Am., 694 F.2d
1017, 1029-30 (5th Cir. 1983)).  Audibert's overbroad discovery
requests were properly denied, and these denials furnish
absolutely no reason to overturn the district court's decision.

Moreover, even if Audibert's evidence sufficed to establish
a prima facie case, the district court correctly recognized that
she could not establish that Lowe's stated reason for terminating
her was pretextual.  Once an employer articulates a legitimate,
nondiscriminatory purpose for terminating an employee, the
employee must demonstrate that the employer's purpose was a mere
pretext for prohibited discrimination.  See, e.g., McDonnell
Douglas, 411 U.S. at 802-805 (stating that once the initial
burden of a Title VII prima facie case has been satisfied, and
the employer states a "legitimate, nondiscriminatory reason" for
the challenged action, the plaintiff must "demonstrate by
competent evidence that the presumptively valid reasons" given

7

for the challenged action "were in fact a coverup" for discrimination); Pratt, 247 F.3d at 606 (stating that once a prima facie case pursuant to Title VII has been established, and the defendant articulates "some legitimate, non-discriminatory reason for the challenged employment action," the burden rests on "the plaintiff to demonstrate that the articulated reason was merely a pretext for discrimination").  Clingon's affidavit, the only substantive piece of evidence provided by Audibert, fails to show that Lowe's stated reason for terminating her was pretextual.

Audibert attempted to use Clingon's affidavit to establish pretext by showing that male employees were given preferential treatment under circumstances similar to her own.  But even if Clingon's affidavit is accepted as true, it can only demonstrate that these male employees were given preferential treatment because they were not subjected to the same hostile conditions as Audibert.  To demonstrate that these male employees were given preferential treatment in situations similar to her own, Audibert needed to provide evidence that they engaged in misconduct nearly identical to the misconduct for which she was allegedly discharged.  Alternatively, she needed to provide evidence to show that she did not engage in the misconduct for which she was allegedly discharged.  Beyond her unsubstantiated assertions and conclusory allegations, she failed on both counts, and therefore the district court correctly recognized that she failed to create

a fact issue about whether Lowe's stated reason for firing her was a pretext for discrimination.  In her briefs before this court, she provides no additional authority or argument to overturn this decision.

## IV.  CONCLUSION

For the foregoing reasons, the decision of the district court is

AFFIRMED.

9