IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
Case No. 02-60413
_____


GEORGE O LAMBUS

    Plaintiff-Appellant,

v.

CITY OF JACKSON FIRE DEPARTMENT

    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:01-CV-524-LN)
_____

November 13, 2002


Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM[*]:

    Plaintiff-appellant George O. Lambus challenges the district court's ruling granting the motion for summary judgment by the Defendant City of Jackson Fire Department ("JFD"). For the reasons stated below, we affirm.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

**FACTUAL PREDICATE**

Lambus claims JFD discriminated against him because of his age (fifty-three) and his alleged disability (diabetes, hypertension, and back problems) and unlawfully retaliated against him for filing charges with the EEOC in violation of both the ADEA and the ADA. The alleged facts giving rise to his claims of discrimination originate from his time with the JFD as a firefighter recruit trainee in August and September 2000.[2]

On March 27, 2000, the JFD allegedly rejected Lambus's application for the position of firefighter.[3] Allegedly in response, on August 8, 2000, Lambus filed a charge with the EEOC, alleging age discrimination. Lambus was hired as a firefighter recruit trainee by the JFD shortly thereafter. Following an altercation between Lambus and an instructor at the JFD Training Academy, the JFD Chief, Raymond J. McNulty, formally terminated

---

[2]     The district court stated that it was "unclear" whether Lambus was also claiming that he was subjected to a hostile work environment. As Lambus does not urge this point on appeal, the issue is not before this court. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 561 (5th Cir. 1997) (issues not raised in the statement of the issues or body of the brief are waived and are not considered on appeal); Carmon v. Lubrizol Corp., 17 F.3d 791, 794 (5th Cir. 1994) (issues not raised on appeal are waived).

[3]     On this point, the JFD claims to have never rejected Lambus's application. Rather, it alleges that all of Lambus's paperwork had not yet been received by the JFD to either accept or reject him into its training academy. It alleges that Lambus read in the newspaper that a new class of recruits was to begin training at the Academy and because he had not heard from JFD yet, assumed his application had been rejected.

Lambus's employment with the JFD. The termination letter (dated September 26, 2000) attributes the termination to Lambus's failure to master relevant firefighting skills and to acts of insubordination. On October 16, 2000, Lambus filed an amended charge with the EEOC, alleging unlawful retaliation. He thereafter received a right to sue letter from the EEOC and subsequently filed this lawsuit.

**STANDARD OF REVIEW**

This court reviews a grant of summary judgment <u>de novo</u>, applying the same standards as the district court. <u>Daniels v. City of Arlington</u>, 246 F.3d 500, 502 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 347 (2001). Summary judgment should be granted if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In determining if there is a genuine issue of material fact, the court reviews the evidence in the light most favorable to the non-moving party. <u>Daniels</u>, 246 F.3d at 502. However, when the non-moving party bears the burden of proof on a claim, the moving party may obtain summary judgment without providing evidence that negates the non-moving party's claim. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-25 (1986). Rather, the moving party need only highlight the absence of evidence in support of the non-moving party's claim. See <u>id.</u>

**ANALYSIS**

## A. ADEA

The Age Discrimination in Employment Act ("ADEA") states that it is unlawful "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1) (2000). To establish a prima facie case of discrimination under the ADEA, Lambus is required to show that (1) he is a member of a protected class – those persons over the age of forty, (2) he is qualified for the position, (3) he suffered an adverse employment action, and (4) he was either replaced by someone outside of the protected class, replaced by someone younger, or otherwise discharged because of age. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000); Russell v. McKinney Hosp. Venture, 235 F.3d 219, 232-33 (5th Cir. 2000); Bauer v. Albemarle, 169 F.3d 962, 968 (5th Cir. 1999).

In its Memorandum Opinion, the district court stated that,

While it is undisputed that Lambus was in a protected class and was subjected to an adverse employment decision, he has submitted no evidence, in response to the JFD's motion, that he was qualified to be a fireman. By contrast, the JFD has submitted affidavits from Deputy Chief C.E. Graham and Instructor Stephen Parkman in which both state that Lambus was 'unable to perform certain tasks required by the Fire Academy's training courses.'"

Rec. at 5 (emphasis added). We concur with the district court's finding that no material fact issue persists as to whether Lambus

4

was qualified to graduate from the JFD Training Academy. The overwhelming and uncontroverted evidence presented both to the district court and to this court demonstrates that, although Lambus may have met the minimum qualifications to be admitted to the Training Academy, he did not possess the minimum qualifications, abilities or attitude to complete the Training Academy course work in order to become a firefighter.[4]

Further, even assuming that Lambus was qualified for the position of firefighter, the record demonstrates that JFD has proffered a legitimate, non-discriminatory justification for his termination – undisputed acts of insubordination by Lambus. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)

---

[4] Indeed, conclusory allegations represent the sum total of Lambus's evidence. For example, in response to JFD's motion for summary judgment, Lambus simply states that,

> The Court dismissed my motion for a summary judgement [sic] and the Defendant's should be dismissed for the same reasons. On April 2, 2002, before Judge Nicols, I offered to settle this case . . . the Defendant should have taken it. Theresa Kiely at the Clarion-Ledger will reveal plenty about my case before a Jury!

In addition to the conclusory-based allegations and mere threats of proof, Lambus submits a complaint against the Jackson Area Office of the EEOC for advising him to drop his claims in this case, in which he states, "The Jackson Area Office is populated by middle-class, incompetent Negroes who want to sit on their asses and draw a salary without working for it." This type of evidence is plainly unrelated to the issue before the district court and will not forestall summary dismissal of Lambus's claims. <u>See, e.g.,</u> <u>Celotex Corp.</u>, 477 U.S. at 328 (White, J., concurring) (mere conclusory allegations are not competent summary judgment evidence); <u>Macklin v. City of New Orleans</u>, 293 F.3d 237, 241 (5th Cir. 2002); <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996).

(discussing the burden analysis under Title VII); Russell, 235 F.3d at 222 (holding that the McDonnell Douglas analysis is applicable to the ADEA); Bauer, 169 F.3d at 966 ("The same evidentiary procedure for allocating burdens of production and proof applies to discrimination claims under both [Title VII and the ADEA]").  The record on this point is clear.  The evidence demonstrates that Lambus acted to instructions by his training instructor in a manner perceived to be defiant by his superiors.[5]  See Schackelford v. Deloitte & Touche, L.L.P., 190 F.3d 398, 408-09 (5th Cir. 1999) (the relevant summary judgment issue is whether "[JFD's] perception of [Lambus's] performance, accurate or not, was the real reason for his termination").  JFD's position on this point is supported by contemporaneous records of Lambus's acts of alleged insubordination and deficient performance by other instructors.  See Evans v. City of Houston, 246 F.3d 344, 355 (5th Cir. 2001) (looking to whether

---

[5]    Deputy Chief Charles Graham described the incident to Chief Raymond McNulty in a letter dated September 20, 2000,

> I am writing this letter in reference to an incident reported to me which occurred today around 10:00 a.m. Recruit Lambus was given an order by Instructor Parkman to stop running laps and walk it out.  He did not stop running, held up two fingers indicating he had two more laps to go.  After a brief altercation between Recruit Lambus and Instructor Parkman, Recruit Lambus then proceeded to walk as instructed.  This type of behavior undermines the training program and disrupts the esprit de corps.  This incident clearly shows disrespect by the recruit.

In his affidavit, Lambus himself further states that when the instructor became angry with him, Lambus demanded that the instructor refer to him as "Mr. Lambus" or "Recruit Lambus."

6

there is "contemporaneous evidence in the record of any disciplinary action" taken against the employee). As Lambus failed at the district court to rebut this evidence with any response worthy of note, the district court's finding that no genuine fact issues exist on this claim is supported by the record.

**B.    ADA**

To establish a prima facie case of discrimination under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) (2000), Lambus must demonstrate that "[he] is a qualified individual with a disability, and that the negative employment action occurred because of the disability." <u>Sherrod v. Am. Airlines, Inc.</u>, 132 F.3d 1112, 1119 (5th Cir. 1998). A "qualified individual with a disability" is defined in the ADA as someone who has a disability but who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111; <u>Giles v. Gen. Elec. Co.</u>, 245 F.3d 474, 483 (5th Cir. 2001).

As discussed in reference to Lambus's ADEA claim, the summary judgment evidence indicates that Lambus failed to produce any evidence that he was qualified for the position of firefighter. Moreover, as found by the district court, Lambus produced no evidence to show that he was "disabled" within the meaning of the ADA – that is, that he suffered from an "impairment that prevents or severely restricts" him from "doing activities that are of

7

central importance to most people's daily lives." Toyota Motor Mfg. v. Williams, 122 S. Ct. 681, 691 (2002). Although Lambus claims to have suffered from diabetes, hypertension, and back problems during his employment with JFD, he was rated by Dr. Howard T. Katz as having "0% impairment to the body as a whole."[6] Further, his response to JFD's motion for summary judgment did not point the district court to any major life activity that was severely restricted or impaired by his alleged disabilities. In these circumstances, support exists for the district court's finding that Lambus cannot meet the ADA's test for disability because the evidence does not reveal that his "impairment's impact [is] permanent or long term." Toyota Motor Mfg., 122 S. Ct. At 691. Thus, there is no genuine issue for a jury to decide on Lambus's ADA claim.

## C. Retaliation

To establish a prima facie retaliation claim under the ADA and ADEA, Plaintiff must show that, (1) he is qualified for the job in question, (2) he engaged in a protected activity, (3) there was an adverse employment action, and (4) a causal link existed between

---

[6]     Lambus raises arguments on appeal that his alleged chest pains, irregular heart rate, and high blood pressure also constitute disabilities within the meaning of the ADA. As these arguments were not raised before the district court, they were waived by Lambus. Stokes v. Emerson Elec. Co., 217 F.3d 353, 358 n. 19 (5th Cir. 2000) (holding that arguments not raised in the district court cannot be asserted for the first time on appeal); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) ("As a general rule, this Court does not review issues raised for the first time on appeal.").

the protected activity and the adverse employment action. Holtzclaw v. DSC Communications Corp., 255 F.3d 254, 260 (5th Cir. 2001) ("We have never expressly made qualification a prima facie element of an ADEA retaliation claim, but today we decide that such an element is necessary . . . [b]ecause, in regard to other types of discrimination claims . . . it would be illogical not to require [it.]"). The summary judgment evidence demonstrates no genuine factual dispute as to whether Lambus was qualified for the position of firefighter because Lambus simply did not produce any competent summary judgment evidence to counter JFD's evidence that he was not qualified. His retaliation claims thus fail.

## CONCLUSION

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED as moot.