# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 20-20249

Weston E. Blair,

*Plaintiff—Appellant*,

*versus*

Harris County,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2243

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Weston Blair appeals the summary judgment dismissing his age discrimination claim against Harris County, Texas. He argues that the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20249

district court abused its discretion in limiting discovery and that material fact disputes should have precluded summary judgment. We affirm.[1]

**I**

Blair was hired by Harris County as a maintenance worker in 2003. In December 2016, Blair's supervisor David Behm reprimanded Blair in writing for "failing to meet . . . performance expectations," placed him on ninety days' probation, and outlined a joint action plan for improvement. Less than a year later, a different supervisor, Paul Carter, reported similar performance issues, leading to a meeting between Blair and his manager, Darrell Breedlove. During this December 2017 meeting, Blair was presented with the performance evaluation, suspended five days, placed on ninety days' probation, advised that he could be fired at any time during the ninety days for poor performance, and informed of his obligation to attend weekly counseling sessions with Carter. Blair refused to sign the employee development form that Breedlove had completed summarizing the meeting and outlining Blair's improvement plan. Either at this meeting or after Blair returned from his suspension, Breedlove directed Blair to email Carter progress reports. The parties dispute whether Blair refused to do so.

In June 2018, Blair sued Harris County in federal court, alleging a claim under the Age Discrimination in Employment Act ("ADEA"), a substantive due process claim, and a claim under the Employee Retirement Income Security Act ("ERISA"). The district court dismissed Blair's

---

[1] Blair's notice of appeal states that he appeals both the summary judgment and the order denying his motion for a new trial, but Blair's failure to brief any arguments related to his new trial motion waives them. *See Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 n.2 (5th Cir. 2016).

substantive due process and ERISA claims, which Blair has not appealed.[2] After about six months of court-managed discovery, Harris County moved for summary judgment on the ADEA claim, presenting evidence that Blair was fired for insubordination following a history of poor performance. The district court granted summary judgment and dismissed Blair's remaining claim. It construed Blair's subsequent motion for new trial as a motion to reconsider and denied it. Blair timely appealed.

## II

Given a district court's broad discretion to manage discovery, we review its decision to preclude further discovery for abuse of discretion.[3] *Alpine View Co. v. Atlas Copco AB*, 205 F3d 208, 220 (5th Cir. 2000); *Resolution Tr. Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993). A plaintiff's "entitlement to discovery . . . may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

We review a summary judgment *de novo*. *Jones v. New Orleans Physician Hosp. Org., Inc.*, 981 F.3d 428, 432 (5th Cir. 2020). Summary judgment is proper "if the movant shows that there is no genuine dispute as

---

[2] Blair's complaint also raised a race discrimination claim under Title VII of the Civil Rights Act, which neither the district court's dismissal nor its summary judgment addressed, but Blair appears to have abandoned this claim before the district court. "[A]rguments not raised before the district court are waived and will not be considered on appeal." *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009). Regardless, Blair's failure to brief on appeal the issue of whether this claim remains waives the argument. *Delaval*, 824 F.3d at 479 n.2.

[3] We therefore reject Blair's argument that a *de novo* standard applies because the limitation of discovery "poured over into a summary judgment."

to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Such a dispute exists "when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020) (citation omitted).

## III

Blair first argues the district court's limitation of discovery disabled him from withstanding summary judgment. We are unpersuaded. To forestall summary judgment, a party must tell the court why he needs additional discovery and how it may create a genuine issue of material fact. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999); *see also Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991). The district court ordered the County to disclose eleven categories of information, including demographic data on comparable employees and résumés for any workers who replaced Blair, and Blair does not point to any place in the record where the district court rejected a reasonable request for more discovery. Similarly, Blair fails to explain why the discovery ordered by the district court was inadequate, what he might expect to learn from additional discovery, or how it could create a material fact dispute. Thus, the district court did not abuse its discretion by limiting discovery.

We are also unpersuaded by Blair's argument that the district court should have denied summary judgment. Contrary to Blair's assertion, he presented no direct evidence of age discrimination, offering only workplace remarks unrelated to his termination and not proximate to it in time. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). Assuming *arguendo*, as the district court appears to have done, that Blair presented circumstantial evidence establishing a *prima facie* case of age discrimination under the ADEA, he also failed to identify record evidence rebutting the County's showing that it had a legitimate, non-discriminatory

reason for firing him. *See id.*; *see also Goudeau v. Nat'l Oilwell Varco., L.P.*, 793 F.3d 470, 476 (5th Cir. 2015) (poor performance and insubordination are nondiscriminatory reasons for termination). Rather, Blair appeared to rely on his own conclusory statements, on the stray remarks mentioned above, and on a former co-worker's observations that some employees over fifty were asked to retire or were terminated. These offerings are insufficient to create a material fact dispute. *Jackson*, 602 F.3d at 379–81 (concluding self-serving statements that proffered reason was pretextual, "stray remarks" about age, and co-worker's suggestion that reason was pretextual were insufficient to create triable issue of fact). Accordingly, the district court properly granted Harris County summary judgment on Blair's ADEA claim.

AFFIRMED.